PRESENT: All the Justices

COMMONWEALTH OF VIRGINIA

v. Record No. 170586

CARROLL EDWARD GREGG, JR.

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
April 5, 2018

FROM THE COURT OF APPEALS OF VIRGINIA

Carroll Edward Gregg was convicted of common law involuntary manslaughter as well as involuntary manslaughter under Code § 18.2-154. In a published opinion, the Court of Appeals of Virginia concluded that Gregg could not be sentenced for both offenses. *See Gregg v. Commonwealth*, 67 Va. App. 375, 796 S.E.2d 447 (2017). It reversed and remanded for a new sentencing proceeding, to be held after the Commonwealth elected which conviction it would seek to have sentence imposed on. The Commonwealth appeals from this judgment. For the reasons explained below, we will affirm the judgment of the Court of Appeals.

BACKGROUND

The victim, Junior Montero Sanchez, was in the process of repossessing Gregg's truck when Gregg shot and killed him. The autopsy report reflected that Sanchez sustained a single gunshot wound to the back, which fatally damaged Sanchez's lung and heart. The shooting occurred around midnight on June 5 or 6, 2014. Gregg acknowledged shooting Sanchez, but stated it was an accident.

A grand jury indicted Gregg for first-degree murder, use of a firearm in the commission of murder, and shooting into an occupied vehicle and causing the death of another in violation of Code § 18.2-154. In a jury trial, the court instructed the jury on first-degree murder, second degree murder, common law involuntary manslaughter, as well as involuntary manslaughter

under Code § 18.2-154.  The jury convicted Gregg of both common law involuntary manslaughter and involuntary manslaughter under Code § 18.2-154.  Gregg moved to dismiss one of the charges, contending that the Double Jeopardy Clause precluded a conviction for both manslaughter offenses.  The trial court denied the motion.

On appeal, the Court of Appeals of Virginia reversed, holding that Gregg could not be convicted of both common law involuntary manslaughter and involuntary manslaughter under Code § 18.2-154.  *Gregg v. Commonwealth,* 67 Va. App. 375, 387-88, 796 S.E.2d 447, 454 (2017). We granted the Commonwealth an appeal from the decision of the Court of Appeals.

ANALYSIS

We review de novo whether "multiple punishments have been imposed for the same offense in violation of the double jeopardy clause."  *Johnson v. Commonwealth*, 292 Va. 738, 741, 793 S.E.2d 321, 322 (2016) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 227, 738 S.E.2d 847, 870 (2013)).

The Code of Virginia does not define the elements of common law involuntary manslaughter.  Under our case law,

> the crime of common law involuntary manslaughter has two elements:  (1) the accidental killing of a person, contrary to the intention of the parties; and (2) the death occurs in the defendant's prosecution of an unlawful but not felonious act, or in the defendant's improper performance of a lawful act. To constitute involuntary manslaughter, the "improper" performance of a lawful act must amount to an unlawful commission of that lawful act, manifesting criminal negligence.

*West v. Dir., Dep't of Corr.*, 273 Va. 56, 63-64, 639 S.E.2d 190, 195 (2007) (citations omitted).

Code § 18.2-36 specifies that this crime is punishable as a Class 5 felony.

Code § 18.2-154 provides in relevant part:

2

Any person who maliciously shoots at, or maliciously throws any missile at or against, any train or cars on any railroad or other transportation company or any vessel or other watercraft, or any motor vehicle or other vehicles when occupied by one or more persons, whereby the life of any person on such train, car, vessel, or other watercraft, or in such motor vehicle or other vehicle, may be put in peril, is guilty of a Class 4 felony.  In the event of the death of any such person, resulting from such malicious shooting or throwing, the person so offending is guilty of murder in the second degree.  However, if the homicide is willful, deliberate, and premeditated, he is guilty of murder in the first degree.

If any such act is committed unlawfully, but not maliciously, the person so offending is guilty of a Class 6 felony and, in the event of the death of any such person, resulting from such unlawful act, the person so offending *is guilty of involuntary manslaughter*.

(emphasis added).

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  "This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense."  *Payne v. Commonwealth*, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999).  *See Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969).  "In the single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'"  *Blythe v. Commonwealth*, 222 Va. 722, 725, 284 S.E.2d 796, 798 (1981) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

"When considering multiple punishments for a single transaction, the controlling factor is legislative intent."  *Kelsoe v. Commonwealth*, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983).

*See also Albernaz v. United States*, 450 U.S. 333, 344 (1981) ("[T]he question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized.") (quoting *Whalen v. United States*, 445 U.S. 684, 688 (1980)).

The *Blockburger* test, drawn from *Blockburger v. United States*, 284 U.S. 299 (1932), is simply a "rule of statutory construction" used to inform the constitutional issue. *Whalen*, 445 U.S. at 691; *see also Missouri v. Hunter*, 459 U.S. 359, 366 (1983). It asks whether each statutory offense requires proof of a fact that the other does not. "The assumption underlying the rule is that [the legislature] ordinarily does not intend to punish the same offense under two different statutes." *Whalen*, 445 U.S. at 691-92. The very presence of dissimilar elements within two statutory offenses, provides "a clear indication of contrary legislative intent." *Id.* at 692. "[B]efore applying the *Blockburger* test, we first consider whether 'the legislative intent is clear from the face of the statute or the legislative history,' and if so, then 'the *Blockburger* rule is not controlling.'" *Andrews v. Commonwealth*, 280 Va. 231, 284, 699 S.E.2d 237, 267 (2010) (quoting *Garrett v. United States*, 471 U.S. 773, 779 (1985)).

> Where . . . a legislature specifically authorizes cumulative punishment under two statutes, regardless of whether those two statutes proscribe the "same" conduct . . . , a court's task of statutory construction is at an end and the prosecutor may seek and the trial court or jury may impose cumulative punishment under such statutes in a single trial.

*Hunter*, 459 U.S. at 368-69. If the legislature expressly declares its will to inflict multiple punishments on the same conduct, the courts must respect its intent to do so—even if the two statutory offenses fail the *Blockburger* test. *Id.* at 368. *See also Dalo v. Commonwealth*, 37 Va. App. 156, 165-69, 554 S.E.2d 705, 709-11 (2001), *aff'd*, 264 Va. 431, 570 S.E.2d 840 (2002).

4

The General Assembly will at times specify in the statutory text that a prosecution under a particular Code provision does not foreclose a prosecution under a different statute. These provisions manifest a clear legislative intent that prosecution for one crime does not foreclose prosecution for another crime, however similar or even identical that crime might be. For example, the carjacking statute, Code § 18.2-58.1, provides that "[t]he provisions of this section shall not preclude the applicability of any other provision of the criminal law of the Commonwealth which may apply to any course of conduct which violates this section." Code § 18.2-58.1(C). Other statutes state that "[t]he provisions of this section shall not preclude prosecution under any other statute." *See, e.g.*, Code § 18.2-51.7(E) (female genital mutilation); Code § 18.2-204.1(E) (fraudulent use of birth certificates). Such language "expresses the legislative intent for multiple punishments." *Payne v. Commonwealth*, 277 Va. 531, 539, 674 S.E.2d 835, 839 (2009). *See also Turner v. Commonwealth*, 221 Va. 513, 530, 273 S.E.2d 36, 47 (1980) (concluding that the General Assembly intended to punish both capital murder during the commission of robbery while armed with a deadly weapon under Code § 18.2-34(4) and the use of a firearm in the commission of a felony under Code § 18.2-53.1, because the latter statute expressly provided that the offense it defined "shall constitute a separate and distinct felony" from the predicate offense).

We also note that in other statutes the General Assembly has manifested the opposite intent, *i.e.* to foreclose multiple prosecutions under separate statutes. *See* Code § 18.2-415 (providing that "conduct prohibited under subdivision A, B or C of this section shall not be deemed . . . to include conduct otherwise made punishable under this title."). *See Battle v. Commonwealth*, 50 Va. App. 135, 140-41, 647 S.E.2d 499, 501-02 (2007) (reversing conviction under Code § 18.2-415 because the conduct at issue could have been prosecuted under other

5

statutes).  Another example is Code § 19.2-294.1, which provides that "[w]henever any person is charged with a violation of [driving a motor vehicle while intoxicated under] § 18.2-266 . . . and with reckless driving in violation of § 46.2-852 . . . growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge."

Finally, some statutes, despite the absence of express language in the text of the statute authorizing or forbidding multiple prosecutions, nevertheless evince a legislative intent to impose multiple punishments.  For example, in *Payne*, we concluded that the capital murder statute, Code § 18.2-31, demonstrated a legislative intent to establish multiple offenses and that "each statutory offense [should] be punished separately 'as a Class 1 felony.'"  257 Va. at 228, 509 S.E.2d at 301.  That language in question provided that "[t]he following *offenses* shall constitute capital murder, *punishable* as a Class 1 felony."  *Id.* at 227, 509 S.E.2d at 300.  Each predicate, therefore, constituted a distinct "offense."

With these principles in mind, we turn to the question before us.  The General Assembly has determined that when a person commits the acts proscribed by Code § 18.2-154 and does so unlawfully but not maliciously, and a death results from the unlawful act, that person "is guilty of involuntary manslaughter."  The General Assembly did not draw a distinction between species of involuntary manslaughter – both common law involuntary manslaughter and involuntary manslaughter under Code § 18.2-154 constitute one crime of involuntary manslaughter.  The defendant's mental state and his acts are the same for both common law involuntary manslaughter and manslaughter under Code § 18.2-154, and there is one victim.  While not dispositive, the General Assembly did not provide in Code § 18.2-154, as it has in other statutes, language to the effect that "[t]he provisions of this section shall not preclude the applicability of any other provision of the criminal law of the Commonwealth which may apply to any course of

6

conduct which violates this section." *See, e.g.*, Code § 18.2-58.1(C). We conclude under these circumstances that the General Assembly did not intend to permit simultaneous punishment for both common law involuntary manslaughter and manslaughter under Code § 18.2-154.

The double jeopardy guarantee protects against being "twice put in jeopardy of life or limb" for "the same offence." U.S. Const. amend. V. A conviction under Code § 18.2-154, the legislature has determined, is "involuntary manslaughter," and common law involuntary manslaughter also is "involuntary manslaughter." Involuntary manslaughter under Code § 18.2-154 is the "same offence" as common law involuntary manslaughter. We therefore conclude that Gregg was twice convicted and sentenced in the same trial of the same offense, namely, involuntary manslaughter, in violation of the Double Jeopardy Clause.[*]

### CONCLUSION

We will affirm the judgment of the Court of Appeals with instructions to remand the case to the trial court to allow the Commonwealth to elect between the sentences for common law involuntary manslaughter and involuntary manslaughter under Code § 18.2-154. *See Andrews*, 280 Va. at 288, 699 S.E.2d at 270. Following this election, the trial court shall thereafter vacate the other sentence.

*Affirmed and remanded.*

---

[*] Our conclusion obviates the need to undergo the *Blockburger* analysis of involuntary manslaughter under Code § 18.2-154 and common law involuntary manslaughter.

7