UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Decker and AtLee
Argued at Richmond, Virginia

CARLOS CAMACHO GARCIA

MEMORANDUM OPINION* BY
v.      Record No. 0831-17-2      JUDGE RICHARD Y. ATLEE, JR.
JUNE 19, 2018

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF POWHATAN COUNTY
Joseph M. Teefey, Jr., Judge

Andrew D. Meyer for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Appellant, Carlos Camacho Garcia, was convicted of felony identity theft, second

offense, in violation of Code § 18.2-186.3(B1), and falsely identifying himself to a law

enforcement officer, in violation of Code § 19.2-82.1, a misdemeanor. He argues on appeal that

his convictions violate his constitutional protection against double jeopardy. We disagree and

affirm both convictions.

BACKGROUND

An officer of the Powhatan County Sheriff's Office stopped appellant during a "checking

detail" for driver's licenses and registrations. The officer had difficulty communicating with

appellant and asked another officer who spoke fluent Spanish, Deputy Riopedre, to talk with

appellant. Appellant had no identification on his person, but he told Riopedre that his name was

"Carlos Gonzales Santana" and gave a date of birth. Riopedre could not find that name in the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

computer data bases he checked. After learning that appellant lived nearby, Riopedre went to appellant's house, spoke with his wife, and obtained his birth certificate, which indicated appellant's name was "Carlos Carmacho Garcia." Riopedre returned to the site of the "checking detail," where appellant had remained, and arrested appellant. Appellant said that Santana was his friend.

Appellant moved to strike the evidence at trial, arguing that double jeopardy barred his being convicted under both Code § 18.2-186.3(B1) and Code § 19.2-82.1.[1] The trial court denied the motion. The court determined that although the statutes were similar in nature, they required proof of different elements and thus did not violate double jeopardy.

ANALYSIS

Code § 18.2-186.3(B1) states that

> [i]t shall be unlawful for any person to use identification documents or identifying information of another person, whether that person is dead or alive, or of a false or fictitious person, to avoid summons, arrest, prosecution, or to impede a criminal investigation.

A violation of the statute is punishable as a Class 1 misdemeanor, but if a violation results in a financial loss greater than $200, or is a second or subsequent conviction, the offense is

---

[1] Code § 19.2-266.2 requires that a defense motion seeking to dismiss an indictment must be made in writing not later than seven days before trial, but that the court may allow the motion to be raised later "for good cause shown and in the interest of justice." See also Rule 3A:9(b)(1) (stating that challenges to the sufficiency of an indictment "must be raised by motion" at least seven days before the scheduled trial date); Rule 3A:9(b)(3) (stating that a trial court may permit an oral motion for good cause shown). We note that appellant did not offer any reasons for not filing his double jeopardy motion in advance of trial. The Commonwealth, however, did not object to the untimeliness of the motion, and the trial court ruled on the merits when the motion was made. Consequently, this Court will address the merits of appellant's claim. See, e.g., Neal v. Commonwealth, 27 Va. App. 233, 236 n.1, 498 S.E.2d 422, 424 n.1 (1998) (stating that when the Commonwealth failed to object to the timeliness of a suppression motion and the judge ruled on the merits of the motion in favor of the Commonwealth, the issue of timeliness was moot on appeal).

punishable as a Class 6 felony.  Code § 18.2-186.3(D).  A violation is punishable as a Class 5

felony if the person whose name was wrongfully used is arrested or detained.  Id.

Code § 19.2-82.1 provides that

> [a]ny person who falsely identifies himself to a law-enforcement
> officer with the intent to deceive the law-enforcement officer as to
> his real identity after having been lawfully detained and after being
> requested to identify himself by a law-enforcement officer, is
> guilty of a Class 1 misdemeanor.

We review double jeopardy claims *de novo*.  See Johnson v. Commonwealth, 292 Va.

738, 741, 793 S.E.2d 321, 322 (2016); Davis v. Commonwealth, 57 Va. App. 446, 455, 703

S.E.2d 259, 263 (2011).  Because the defendant's convictions occurred in a single trial, the

applicable double jeopardy principles preclude him from receiving multiple punishments for the

same offense.  See Payne v. Commonwealth, 277 Va. 531, 540, 674 S.E.2d 835, 839 (2009).  If

the legislature intended that multiple punishments could arise from a single act, no double

jeopardy violation occurs.  See Kelsoe v. Commonwealth, 226 Va. 197, 199, 308 S.E.2d 104,

104 (1983); accord Commonwealth v. Gregg, ___ Va. ___, ___, 811 S.E.2d 254, 257-58 (2018).

Where legislative intent is not clear, as in this case, the test set forth in Blockburger v. United

States, 284 U.S. 299, 304 (1932), is used to determine legislative intent.  See Gregg, ___ Va.

___, 811 S.E.2d at 257; Andrews v. Commonwealth, 280 Va. 231, 284, 699 S.E.2d 237, 267

(2010).  The Blockburger analysis determines whether the same act violates two separate statutes

by considering whether each charged offense "requires proof of an additional fact which the

other does not.  Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981)

(quoting Blockburger, 284 U.S. at 304).  The offenses are examined "in the abstract, rather than

with reference to the facts of the particular case under review."  Id.  If the offenses do not always

require proof of the same elements, there is no double jeopardy violation under Blockburger.

See Davis, 57 Va. App. at 456, 703 S.E.2d at 263.

Viewing "the elements of the offenses generally and conceptually," <u>Johnson v. Commonwealth</u>, 58 Va. App. 303, 323, 709 S.E.2d 175, 185 (2011), it is apparent that Code § 18.2-186.3(B1) and Code § 19.2-82.1 contain multiple, separate elements. Code § 18.2-186.3(B1) requires the use of "identification documents or identifying information," such as name and date of birth, with the intent "to avoid summons, arrest, prosecution, or to impede a criminal investigation." Code § 19.2-82.1 requires only the intent to deceive a law enforcement officer as to one's "real identity" after having been detained and asked to identify oneself. Code § 18.2-186.3(B1) does not require detention or that the false information be given to a law enforcement officer. A person who gave false identification to someone who was not a "law enforcement officer," such as a loss prevention manager at a store investigating a shoplifting incident, would violate Code § 18.2-186.3(B1), but not Code § 19.2-82.1. The two statutes, therefore, are not the same offense under the <u>Blockburger</u> test, and appellant did not receive multiple punishments for the same offense.

CONCLUSION

Finding that Code § 18.2-186.3(B1) and Code § 19.2-82.1 are not the same offense under the <u>Blockburger</u> test, appellant did not receive multiple punishments for the same offense. Because no double jeopardy violation occurred, we affirm appellant's convictions.

<u>Affirmed.</u>