COURT OF APPEALS OF VIRGINIA

Present:   Judges O'Brien, Lorish and Senior Judge Humphreys
Argued at Lexington, Virginia

UNPUBLISHED

DANIEL WAYNE NEAL

v.        Record No. 0015-25-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT J. HUMPHREYS
MARCH 24, 2026

FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Brian H. Turpin, Judge

John S. Koehler (The Law Office of James Steele, PLLC, on brief),
for appellant.

Sheri H. Kelly, Assistant Attorney General (Jason S. Miyares,[1]
Attorney General, on brief), for appellee.

A jury convicted David Wayne Neal of first-degree murder, armed statutory burglary,

and use of a firearm in the commission of a felony.  The trial court sentenced Neal to life

imprisonment, plus 23 years.  On appeal, Neal challenges the trial court's evidentiary ruling

permitting the Commonwealth to admit evidence of Neal's involvement with another murder.

BACKGROUND[2]

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing

party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  In doing so, we discard any evidence that

---

[*] This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] We limit our recitation of the facts to those necessary to resolve Neal's narrow
assignment of error.

conflicts with the Commonwealth's evidence, and regard as true all the credible evidence favorable to the Commonwealth and all inferences that can be fairly drawn from that evidence. *Cady*, 300 Va. at 329.

In 2021, Jason Marcus was a confidential informant for Pittsylvania County Sheriff's Investigator Jason Colbert; Colbert used Marcus to infiltrate a drug distribution scheme. In March, Marcus conducted a controlled purchase of methamphetamine from Neal. Colbert later approached Neal, told him that law enforcement had made two controlled purchases from him using a confidential informant, and asked Neal to become a confidential informant. Colbert refused to identify the informant to Neal. Neal agreed to cooperate as a confidential informant and participated in a successful controlled purchase later that year.

In February 2022, Deputy Aaron Klauss went to a residence in response to a reported shooting. When he arrived at the residence, Klauss found Charles Van Hooker dead. Investigators recovered nine-millimeter bullets and cartridge casings at the residence but no firearm. The autopsy results showed that Van Hooker had been shot 17 times in the head, neck, torso, and extremities. One of Neal's employees had previously shot Van Hooker, so Investigator Marcus Jones interviewed Neal. Neal denied any involvement in Van Hooker's murder and said he had known him "for about four or five months, and he didn't have a relationship with him or anything like that."

After Van Hooker's murder, Neal told his friend Deshawn Hamlett that Colbert had identified Marcus as the informant who had purchased drugs from both of them. Neal said that Marcus "had indictments against" each of them. Hamlett believed Neal because he had delivered methamphetamine to Marcus on Neal's behalf. Hamlett agreed to kill Marcus for Neal because Neal "wanted [Marcus] dead."

Neal gave Hamlett a gun and ordered him to make Marcus's death look like a suicide. Neal asked Marcus and Hamlett to pick up a car for him; Hamlett was supposed to kill Marcus during the trip. But the attempt to make Marcus's murder look like a suicide was botched when Hamlett shot Marcus multiple times. Hamlett texted Neal that the murder did not go as planned. Later, Hamlett met Neal to give him Marcus's phone.

Campbell County Sheriff's deputies discovered Marcus's body with gunshot wounds to his head and neck in a truck near a cemetery. Officers found spent nine-millimeter casings in the truck, but no firearm or cell phone. Home surveillance video footage near the cemetery showed Hamlett in the area around the time of Marcus's murder. A day after Marcus's murder, Hamlett led law enforcement on a car chase that ended with his arrest. Investigators found a credit card with Neal's name in Hamlett's truck. Colbert told investigators that Marcus had been his confidential informant in drug cases against Neal in Pittsylvania County.

After his arrest, Hamlett confessed to killing both Marcus and Van Hooker and said that it was Neal's idea to kill them. Hamlett told investigators that he "hung out" at Neal's shop four days a week and he often bought and sold methamphetamine for Neal. Hamlett claimed that he would not have killed either man if Neal had not told him to do so. Hamlett agreed to kill Van Hooker as "a favor" after Neal told him that "Van Hooker had indictments against" Neal. In exchange, Hamlett received "help with [his] kids."

Ultimately, Neal was arrested and charged with the first-degree murder of Van Hooker, armed statutory burglary, and use of a firearm in the commission of a felony. Before trial, the Commonwealth moved *in limine* to admit evidence of Neal's involvement in Marcus's murder at the trial for Van Hooker's murder. After hearing arguments from both parties, the trial court determined that the evidence was admissible to prove motive, identity, and a common plan, and that the probative value of the evidence outweighed any unduly prejudicial effect.

At trial, various witnesses and law enforcement officers testified to the evidence as recounted above. Colbert denied that he had revealed Marcus's identity as the confidential informant to Neal or told Neal that Marcus had made controlled buys from either Neal or Hamlett. Colbert did not initially arrest Neal for his controlled methamphetamine sales to Marcus because Neal had not finished his own work as a confidential informant. Investigators never charged Neal with the drug sales because of Marcus's death. Neal did not present any evidence on his behalf. Neal moved to strike the charges which the trial court denied. The jury convicted Neal of first-degree murder, armed statutory burglary, and use of a firearm in the commission of a felony. By final order, the trial court sentenced him to life imprisonment, plus 23 years. Neal appeals.

## ANALYSIS

"[W]e review a trial court's decision to admit or exclude evidence using an abuse of discretion standard and, on appeal, will not disturb a trial court's decision to admit evidence absent a finding of abuse of that discretion." *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021) (alteration in original) (quoting *Avent v. Commonwealth*, 279 Va. 175, 197 (2010)). "The abuse of discretion standard draws a line—or rather, demarcates a region—between the unsupportable and the merely mistaken, between the legal error . . . that a reviewing court may always correct, and the simple disagreement that, on this standard, it may not." *Jefferson v. Commonwealth*, 298 Va. 1, 10-11 (2019) (alteration in original) (quoting *Reyes v. Commonwealth*, 297 Va. 133, 139 (2019)). The "abuse of discretion standard requires a reviewing court to show enough deference to a primary decisionmaker's judgment that the [reviewing] court does not reverse merely because it would have come to a different result in the first instance." *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021) (alteration in original) (quoting *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013)). "Only when reasonable jurists could not differ can we say an abuse of

- 4 -

discretion has occurred." *Bista v. Commonwealth*, 303 Va. 354, 370 (2024) (quoting *Commonwealth v. Swann*, 290 Va. 194, 197 (2015)).

Evidence "'tend[ing] to show that the accused is guilty of other crimes and offenses at other times' is not admissible if 'offered merely to show [the accused's] propensity to commit' the charged crime." *Harvey v. Commonwealth*, 76 Va. App. 436, 475 (2023) (alterations in original) (quoting *Ortiz v. Commonwealth*, 276 Va. 705, 714-15 (2008)). Even so, Virgina Rule of Evidence 2:404(b) "explicitly allows" such evidence when "its probative value outweighs its incidental prejudice" and it "'tends to prove any relevant fact pertaining to the offense charged.'" *Brooks v. Commonwealth*, 73 Va. App. 133, 147 (2021) (quoting Va. R. Evid. 2:404(b)). Such relevant facts include "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or if they are part of a common scheme or plan." *Id.*

Neal challenges the admission of the evidence related to Marcus's death because he claims that it did not "show a signature pattern or unique modus operandi to establish identity." Neal also argues that the Commonwealth failed to establish a common plan, because Van Hooker would testify against Neal's employee who previously shot him, not about any drug transactions he made with Neal. He contends that the evidence of Marcus's murder was used to bolster Hamlett's credibility and show that "Neal had a propensity to commit a similar but unrelated crime." We disagree.

"A common plan is established 'when the constituent offenses occur sequentially or interdependently to advance some common, extrinsic objective.'" *Brooks*, 73 Va. App. at 144 (quoting *Severance v. Commonwealth*, 67 Va. App. 629, 646 (2017), *aff'd*, 295 Va. 564 (2018)). "A common plan requires the acts to be related to one another for the purpose of accomplishing a particular goal." *Id.* Here, Neal's "extrinsic objective" and "particular goal" was to avoid prosecution for drug distribution by killing the confidential informant who participated in the

controlled purchases. Evidence of a common plan often serves to prove identity, motive, or intent to commit the crime at issue. *See, e.g.*, *Powell v. Commonwealth*, 267 Va. 107, 140 (2004) (holding that other crimes evidence is admissible in cases where the motive, intent, or knowledge of the accused is involved, or where that evidence is connected with the offense for which the accused is on trial).

The evidence established that Neal was a drug dealer who had been the target of two successful controlled purchases of methamphetamine. Neal mistakenly believed that Van Hooker was the confidential informant who had purchased methamphetamine from him, so he hired Hamlett to murder Van Hooker. After Van Hooker's death, however, Neal surmised that Marcus was the confidential informant. Neal then directed Hamlett to kill Marcus. The evidence of Marcus's later murder was relevant to explain Neal's motive for initially ordering Van Hooker's murder and the actions he took to eliminate the confidential informant.

Neal also contends that the evidence of Marcus's murder was inadmissible because its prejudicial effect on the jury outweighed its probative value. We disagree. "In addition to being relevant and material, other crimes evidence 'is subject to the further requirement that the legitimate probative value of the evidence must exceed its incidental prejudice to the defendant.'" *Kenner*, 299 Va. at 427 (quoting *Rose v. Commonwealth*, 270 Va. 3, 11 (2005)); *see also* Va. R. Evid. 2:404(b) (requiring that "the legitimate probative value of such proof outweigh[] its incidental prejudice"). "The fact that some prejudice may result does not justify automatic exclusion." *Mayfield v. Commonwealth*, 59 Va. App. 839, 849 (2012) (quoting *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196 (1987)). "Indeed, '[a]ll evidence tending to prove guilt is prejudicial to an accused.'" *Id.* (alteration in original) (quoting *Powell*, 267 Va. at 141). "The responsibility for balancing the two considerations rests in the trial court's discretion and we will not disturb the trial court's determination in the absence of a clear abuse of discretion." *Kenner*, 299 Va. at 427.

The trial court specifically found that the evidence of Marcus's murder tended to prove a common plan and the identity of the murderer. The "other crimes" evidence addressed a matter genuinely in dispute and was not used unfairly to suggest Neal had a propensity to commit crimes. Accordingly, we find that the trial court did not abuse its discretion in balancing the probative value against the prejudicial effect of the "other crimes" evidence, granting the Commonwealth's motion *in limine*, and admitting the evidence at trial.

CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed.

*Affirmed.*