PRESENT:  All the Justices

RONALD EDWARD JOHNSON, JR.

v.  Record No. 151200

COMMONWEALTH OF VIRGINIA

OPINION BY
JUSTICE STEPHEN R. McCULLOUGH
December 8, 2016

FROM THE COURT OF APPEALS OF VIRGINIA

Johnson was charged with three felonies:  forgery, uttering, and attempting to obtain money by false pretenses.  All three charges stemmed from allegations that Johnson had altered a check written by a third party and attempted to cash it.  Johnson was ordered to appear before the City of Fredericksburg General District Court for a preliminary hearing, for all three charges, on June 20, 2013.  Johnson did not appear on that date.

As a consequence of his failure to appear, a grand jury indicted Johnson for three counts of felony failure to appear under Code § 19.2-128(B).  He moved to dismiss two of the three indictments on the grounds of double jeopardy, arguing that he could be convicted of, at most, one felony failure to appear.  The trial court denied that motion.  Johnson then entered a conditional guilty plea to three counts of felony failure to appear.  He was sentenced to serve a total of six years with five years suspended.

Johnson appealed to the Court of Appeals.  That court rejected his double jeopardy argument and affirmed his three convictions by a unanimous unpublished opinion.  *Johnson v. Commonwealth*, Record No. 1138-14-2, 2015 Va. App. LEXIS 211, at *18 (July 7, 2015).  Johnson then appealed to this Court.

ANALYSIS

Johnson does not contest the willfulness of his failure to appear. Rather, he argues that he could be convicted of, at most, one count of failure to appear. He contends that double jeopardy protections preclude the Commonwealth from punishing him for "a single act that is not separated by time, space, or intent." In his view, the unit of prosecution or gravamen "of this offense is the failing to appear, not the number of charges then pending against the defendant arising from a single arrest and a single institution of process."

"We review de novo claims that multiple punishments have been imposed for the same offense in violation of the double jeopardy clause." *Lawlor v. Commonwealth*, 285 Va. 187, 227, 738 S.E.2d 847, 870 (2013).

The Double Jeopardy Clause of the United States Constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "This constitutional provision guarantees protection against (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense." *Payne v. Commonwealth*, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999). *See Illinois v. Vitale*, 447 U.S. 410, 415 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). "In the single-trial setting, 'the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense.'" *Blythe v. Commonwealth*, 222 Va. 722, 725, 284 S.E.2d 796, 798 (1981) (quoting *Brown v. Ohio*, 432 U.S. 161, 165 (1977)).

"When considering multiple punishments for a single transaction, the controlling factor is legislative intent." *Kelsoe v. Commonwealth*, 226 Va. 197, 199, 308 S.E.2d 104, 104 (1983).

The legislature "may determine the appropriate 'unit of prosecution' and set the penalty for separate violations." *Jordan v. Commonwealth*, 2 Va. App. 590, 594, 347 S.E.2d 152, 154 (1986). Therefore, although multiple offenses may be the "same," an accused may be subjected to legislatively "authorized cumulative punishments." *Id.* "It is judicial punishment in excess of legislative intent which offends the double jeopardy clause." *Shears v. Commonwealth*, 23 Va. App. 394, 401, 477 S.E.2d 309, 312 (1996).

Code § 19.2-128(B) provides that "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Subsection (C) of that same statute provides in relevant part that any person who has been "charged with a misdemeanor offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 1 misdemeanor."

The plain language of Code § 19.2-128 indicates that the legislature intended to establish each felony charge as the unit of prosecution for a failure to appear. The legislature selected the term "a" felony, thereby indicating that each felony charge could serve as the predicate of a failure to appear conviction. Instead of using the singular "a" felony, the legislature could have stated, for example, that a defendant charged with "one or more felonies" who fails to appear is guilty of a Class 6 felony. It did not. We must presume that the General Assembly chose, with care, the words that appear in a statute, and must apply the statute in a manner faithful to that choice. *Rives v. Commonwealth*, 284 Va. 1, 3, 726 S.E.2d 248, 250 (2012) (citing *Zinone v. Lee's Crossing Homeowners Ass'n*, 282 Va. 330, 337, 714 S.E.2d 922, 925 (2011)).

The symmetry of permitting a failure to appear charge for each underlying felony makes sense. In the context of reviewing a conviction for forging a summons, the Court of Appeals in *Hines v. Commonwealth*, accurately observed that "[e]ach summons has a separate existence

3

with separate consequences and effects." 39 Va. App. 752, 759, 576 S.E.2d 781, 785 (2003). A person is in violation of Code § 19.2-128 when he "willfully fails to appear before any court *as required*." (emphasis added). Three separate summonses independently required Johnson to appear at the General District Court of the City of Fredericksburg at 10:30 a.m. on June 20, 2013. And just as each summons has a separate existence with separate consequences and effects, each felony charge also has separate consequences and effects. A defendant's willful failure to appear prevents the Commonwealth from proceeding on each of the separate felonies and it prevents the court from adjudicating each charge. Justice (whether conviction or acquittal) is thus delayed or denied as to each specific felony. In addition, the defendant's absence will often, if not always, inconvenience multiple witnesses called to testify in separate but related cases. The fact that Johnson's three separate felonies were scheduled to be heard at one time for the efficient administration of justice does not change the result. The net effect of his willful failure to appear were three distinct injuries to the administration of justice, even if these injuries occurred at the same time.

It is not anomalous for the legislature to hold a defendant accountable with multiple charges for an offense that occurred in one place and time. For example, in *Kelsoe*, we concluded that a defendant could be convicted of three counts of brandishing a firearm when the defendant brandished a gun simultaneously at three individuals. 226 Va. at 199, 308 S.E.2d at 104. Similarly, in *Jordan*, the Court of Appeals concluded that a defendant could be convicted of multiple robberies when he threatened two employees with his gun at the same time.[1]  2 Va. App. at 596-97, 347 S.E.2d at 156.

---

[1] We find inapposite Johnson's comparison of his convictions for failure to appear with the facts considered in *Lane v. Commonwealth*, 51 Va. App. 565, 579, 659 S.E.2d 553, 559 (2008). In *Lane*, the Court of Appeals concluded that a defendant could not be convicted of

4

Furthermore, as the Commonwealth pointed out at trial and notes again on appeal, Johnson's interpretation would lead to the incongruous result that a defendant charged with three felonies who failed to appear could be convicted of only one felony, whereas a defendant charged with two felonies and one misdemeanor could be convicted of *one* felony and one misdemeanor. Attempting to avoid this anomaly, Johnson contends that the prosecution in such a scenario would elect to proceed with a felony or a misdemeanor failure to appear. The plain language of the statute does not support this reading. Code § 19.2-128(B) plainly provides "[a]ny person . . . charged with a felony offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 6 felony." Subsection (C) of that same statute provides that any person who has been "charged with a misdemeanor offense . . . who willfully fails to appear before any court as required shall be guilty of a Class 1 misdemeanor."[2] The statute says nothing about establishing an election between a felony and a misdemeanor in such a situation. We will not "'add language to [a] statute [that] the General Assembly has not seen fit to include.'" *Commonwealth v. Amos*, 287 Va. 301, 307, 754 S.E.2d 304, 307 (2014) (citations omitted).

---

three drug possession counts based on three separate drug caches unless the evidence established that the defendant "possessed different demonstrated intents sufficient to support three separate charges." *Id.* at 582, 659 S.E.2d at 561. Simply put, we discern a different legislative intent animating the failure to appear statutes from the drug possession statutes. The failure to appear statute ensures the respect for and the efficient administration of justice by requiring the defendant to appear for each separate charge. These concerns are different from possessory offenses like the possession of illegal drugs.

[2] Johnson turns our attention to authority from other states. He also invokes the rule of lenity. We have reviewed the cases Johnson cites, but find them unpersuasive due to the difference in the wording of the statutory schemes involved. Moreover, the rule of lenity, under which we give the defendant in a criminal case the benefit of any ambiguities in a penal statute, *Wesley v. Commonwealth*, 190 Va. 268, 276, 56 S.E.2d 362, 365 (1949), does not apply when the statute is unambiguous. Here, we do not find Code § 19.2-128(B) ambiguous.

We agree with the conclusion of the Court of Appeals, that "the unit of prosecution for failure to appear corresponds to the number of individual felony offenses for which a defendant is obligated to appear." *Johnson*, 2015 Va. App. LEXIS 211, at *9.

CONCLUSION

We will affirm the judgment of the Court of Appeals.

*Affirmed.*

JUSTICE MIMS, with whom JUSTICE POWELL joins, dissenting.

I disagree with the Court's holding that the unit of prosecution under Code § 19.2-128(B) is the number of underlying felony offenses with which the defendant was charged. As I interpret the language of that provision, the criminal act is "willfully fail[ing] to appear before any court as required." The summonses here required Johnson to appear at one time and one place, so there is one unit of prosecution. I therefore must respectfully dissent.

When a statute establishes a criminal offense, there is a difference between the elements that set forth the criminal act and those that set forth the grade or classification of punishment. Code § 19.2-128 defines the criminal act as "willfully fail[ing] to appear before any court as required." That is the language that appears in all three subsections.

The majority focuses on the words "a felony offense" in subsection (B) and concludes that the General Assembly's use of the singular demonstrates its intent to punish a defendant separately for each of them. However, the use of "a felony offense" in subsection (B), especially juxtaposed with the parallel use of "a misdemeanor offense" in subsection (C), shows that the respective phrases are simply grading elements that make the criminal act of failure to appear a felony or misdemeanor depending on the classification of the underlying charge or charges, no matter how many there are. Where a defendant who fails to appear was charged both with

6

felonies and misdemeanors, the fact that there was at least one felony entitles the Commonwealth to prosecute him or her under Code § 19.2-128(B), if it be so advised, and thereby seek the felony punishment.

Nevertheless, the majority reasons that the General Assembly's use of the singular "a felony offense" demonstrates that the legislature intended the number of underlying offenses to be the unit of prosecution. However, the words "a felony offense" are the most logical and efficient expression of the difference between classifying those failures to appear that are punished as a Class 6 felony under subsection (B) and those that are punished as a Class 1 misdemeanor under subsection (C). The General Assembly could not, as the Commonwealth suggested at oral argument, have used the words "felony offenses" instead of "a felony offense" without suggesting that the Commonwealth could prosecute a defendant for failing to appear only if he or she had been charged with more than one underlying offense: a defendant charged with only one underlying felony has not been charged with "felony offenses," as the statute would require if the legislature had chosen those words. Nor could the General Assembly, as the Commonwealth also suggested at oral argument, have used the words "any felony offense." The word "any" creates, rather than resolves, ambiguity about whether an activity must be singular or plural. *Acey v. Commonwealth*, 29 Va. App. 240, 249-50, 511 S.E.2d 429, 433 (1999).

There is, however, a simple way the General Assembly could have clearly expressed that a defendant who fails to appear may be punished for each underlying offense charged, if that had truly been its intent: it could have used the word "each" in the statute. *Cf. Phelps v. Commonwealth*, 275 Va. 139, 142, 654 S.E.2d 926, 927 (2008) (noting that "a" may mean "any" or "each"). For example, it could have said "[a]ny person (i) charged with a felony offense or (ii) convicted of a felony offense and execution of sentence is suspended pursuant to § 19.2-319

7

who willfully fails to appear before any court as required shall be guilty of a Class 6 felony *for each such offense*." Yet, when choosing its words with care, it chose not to do so. *See Bates v. Commonwealth*, 287 Va. 58, 66, 752 S.E.2d 846, 850 (2014).

The Court of Appeals likened this case to *Mason v. Commonwealth*, 49 Va. App. 39, 636 S.E.2d 480 (2006), and *Sandoval v. Commonwealth*, 64 Va. App. 394, 768 S.E.2d 709 (2015). Those two cases arose from intertwined facts. Sandoval was incarcerated for sex offenses when he called Mason, his wife, and induced her to take explicit photographs of his step-daughter and bring them to him. *Sandoval*, 64 Va. App. at 404, 768 S.E.2d at 712. Mason took 10 such photographs and was charged with a separate offense for each. *Mason*, 49 Va. App. at 47-48, 636 S.E.2d at 484. The criminal act was "[s]elling, giv[ing] away, distribut[ing], display[ing] with lascivious intent, purchas[ing], or possess[ing] with intent . . . sexually explicit visual material which utilizes or has as a subject a person less than eighteen years of age." Former Code § 18.2-374.1(B)(4) (2004 Repl. Vol.); see now Code § 18.2-374.1:1(C). The Court of Appeals held that each photograph created a separate violation because Code § 18.2-374.1(A) defined "sexually explicit material" to include "a photograph." 49 Va. App. at 47-48, 636 S.E.2d at 484. Sandoval later argued that the Court of Appeals should overrule that holding but the court declined. *Sandoval*, 64 Va. App. at 418-19, 768 S.E.2d at 719-20.

Although the Court of Appeals found *Mason* and *Sandoval* relevant to this case because both Code §§ 18.2-374.1(A) and 19.2-128(B) use the word "a," that interpretation overlooks the fact that the criminal act in former Code § 18.2-374.1(B) was the "[s]elling, giv[ing] away, distribut[ing], display[ing] with lascivious intent, purchas[ing], or possess[ing] with intent" a certain thing: i.e., "sexually explicit material." The criminal act cannot be completed without that thing, however it may be defined. By contrast, the criminal act in Code § 19.2-128 is

8

"willfully fail[ing] to appear before any court as required." That criminal act can be completed whether the underlying offense is a felony or misdemeanor.[*] The only difference the underlying offense makes is whether the criminal act will be punished as a Class 6 felony under subsection (B) or as a Class 1 misdemeanor under subsection (C).

The other cases cited by the majority and the Court of Appeals in affirming the circuit court's denial of Johnson's motion to dismiss are all similarly distinguishable because the criminal acts in those cases permitted those defendants to be charged with multiple violations based on the facts of each case. In *Kelsoe v. Commonwealth*, 226 Va. 197, 197, 308 S.E.2d 104 (1983) (per curiam), the defendant pulled a pistol from his pocket while arguing with three people. The criminal act was "point[ing], or brandish[ing] any firearm . . . in such a manner as to reasonably induce fear in the mind of another." Code § 18.2-282. The Court concluded that "another" meant another person. Because his single act reasonably induced fear in the minds of three persons, there were three separate offenses. 226 Va. at 199, 308 S.E.2d at 104.

In *Jordan v. Commonwealth*, 2 Va. App. 590, 592, 347 S.E.2d 152, 153 (1986), the defendant entered a restaurant with a handgun and ordered one employee to give him the money in the register and a separate employee to give him the money in an office safe. The criminal act was "robbery . . . by the threat or presenting of firearms." Code § 18.2-58. As this Court had in *Kelsoe*, the Court of Appeals concluded that there were two offenses – one for each employee from whom the defendant took money by threat with the handgun. 2 Va. App. at 596-97, 347 S.E.2d at 156.

In *Shears v. Commonwealth*, 23 Va. App. 394, 396, 477 S.E.2d 309, 310 (1996), the defendant had one bag of cocaine in his pocket and another on the kitchen floor of the mobile

---

[*] Consequently, neither felonies nor misdemeanors are referred to in subsection (A), which deals with forfeiture of security, because neither is relevant there.

home where he was arrested while selling drugs. The criminal act was "possess[ing] with intent to manufacture, sell, give or distribute a controlled substance." Code § 18.2-248. The Court of Appeals concluded that there were two offenses because there were two separate acts of possession – the actual possession of the bag in his pocket and the constructive possession of the bag on the kitchen floor. 23 Va. App. at 401, 477 S.E.2d at 312.

By contrast, regardless of the number of underlying offenses, Johnson was required "to appear before any court" at one time and place: the General District Court of the City of Fredericksburg at 10:30 a.m. on June 20, 2013. When he willfully failed to do so, he committed a single violation of Code § 19.2-128(B) because that was the single act that provision criminalizes. I therefore would reverse the judgment of the Court of Appeals.