Per Curiam.
Appellant, Arrington Brown, appeals the trial court’s order summarily denying his timely rule 3.850 motion for postconvietion relief. He claims that his convictions for possession of a firearm by a convicted felon and possession of ammunition by a convicted felon pursuant to section 790.23, Florida Statutes (2004), violate the prohibition against double jeopardy. We agree.
This court has held that double jeopardy prohibits convictions for both possession of a firearm by a convicted felon and possession of ammunition by a convicted felon where the firearm and ammunition were possessed at the same time. Boyd v. State, 17 So.3d 812, 818 (Fla. 4th DCA 2009); Strain v. State, 77 So.3d 796, 797 (Fla. 4th DCA 2011). The record indicates that appellant simultaneously possessed the firearm and ammunition.
Accordingly, we reverse and remand for the trial court to vacate either of the convictions and resentence appellant on the remaining counts with a corrected score-sheet.[1] Boyd v. State, 17 So.3d at 818; Gonzalez v. State, 123 So.3d 691 (Fla. 4th DCA 2013).

Reversed and remanded.

Ciklin, C.J., Damoorgian and Forst, JJ., concur.

. Appellant did not waive his double jeopardy claim. He' entered an unbargained open plea without expressly waiving his right to bring the double jeopardy challenge. Novaton v. State, 634 So.2d 607, 609 (Fla. 1994); Labovick v. State, 958 So.2d 1065, 1068 (Fla. 4th DCA 2007).