COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Decker, Judge Beales and Retired Judge Bumgardner[*]
Argued at Richmond, Virginia

PUBLISHED

HOWARD ALLEN GROFFEL

v.      Record No. 0485-18-2

COMMONWEALTH OF VIRGINIA

OPINION BY
CHIEF JUDGE MARLA GRAFF DECKER
AUGUST 20, 2019

FROM THE CIRCUIT COURT OF NEW KENT COUNTY
B. Elliott Bondurant, Judge

Ivan D. Fehrenbach (D.R. Dansby, Ltd, on briefs), for appellant.

Virginia B. Theisen, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Howard Allen Groffel appeals four of his five convictions and sentences for transporting

a firearm while subject to a protective order in violation of Code § 18.2-308.1:4(A) and his

conviction for possessing ammunition after conviction of a felony in violation Code

§ 18.2-308.2. He argues that the punishments for these convictions violate the constitutional

prohibition against double jeopardy. For the reasons that follow, we affirm the convictions and

sentences for transporting a firearm while subject to a protective order. However, we reverse

and remand the case for reconsideration of the convictions and sentences for possession of a

firearm and possession of ammunition in a manner consistent with this opinion.

---

[*] Retired Judge Bumgardner took part in the hearing and decision of this case by
designation pursuant to Code § 17.1-400(D).

## I.  BACKGROUND[1]

On April 25, 2017, the appellant was convicted in general district court and sentenced to jail.  He escaped custody by walking away while unattended.  When law enforcement captured him that night, he had a revolver strapped to his ankle.

At the time of the escape and apprehension, the appellant was subject to five separate protective orders.  Of these five protective orders, three were obtained by adults, each of whom petitioned on his or her own behalf.  The other two orders were entered by the juvenile and domestic relations district court to protect the appellant's two children.

While in jail, the appellant called a neighbor and asked him to move and sell property that the appellant kept in his shed.  In the shed was a cabinet, in which the neighbor found an AK-47 assault rifle, a "12-gauge Winchester pump shotgun," ammunition for the two firearms, and ammunition for a "30-30" rifle.  Captain John McLaughlin with the New Kent County Sheriff's Office, who had monitored the phone call between the appellant and his neighbor, went to the neighbor's house and collected the firearms and ammunition as evidence.

The Commonwealth charged the appellant, in pertinent part, with five counts of transporting a firearm while subject to a protective order and two counts of possessing a firearm or ammunition after previously being convicted of a felony.  The appellant filed a motion to dismiss in which he argued that his constitutional protection against double jeopardy was violated by the five charges of transporting a firearm while subject to a protective order and additionally by the two charges of possession of a firearm or ammunition by a convicted felon.

---

[1] Although the facts are undisputed at this point in the case, we note that appellate courts "are bound by the underlying factual issues determined by the fact finder unless they are plainly wrong or unsupported by the evidence." Commonwealth v. Davis, 290 Va. 362, 368-69 (2015) (quoting Loudoun Hosp. Ctr. v. Stroube, 50 Va. App. 478, 493 (2007)).

The trial court denied the motion.[2]  In doing so, the judge commented that the five protective orders were issued by different courts to protect different individuals.  Regarding the possession charges, the trial court noted that the separate charge for possession of ammunition was based on ammunition that did not match the types of firearms found with it.

Following the presentation of the evidence, the trial court found the appellant guilty of five counts of transporting a firearm while subject to a protective order and two counts of possessing a firearm or ammunition after conviction for a felony.[3]  The court sentenced him to a total of fifteen years in prison, with six years suspended, for these offenses.

## II.  ANALYSIS

The appellant contends that he received multiple convictions and punishments for the same offense in violation of the constitutional protection against double jeopardy.

"The Fifth Amendment to the Constitution of the United States declares that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'"  Severance v. Commonwealth, 295 Va. 564, 571-72, 572 n.8 (2018) (quoting U.S. Const. amend. V) (noting that the Virginia Constitution provides the same protections).  This prohibition includes protection from "multiple punishments for the same offense."  Id. at 572 (quoting Commonwealth v. Gregg, 295 Va. 293, 298 (2018)).  "We review de novo whether 'multiple punishments have been imposed for the same offense in violation of the double jeopardy clause.'"  Gregg, 295 Va. at 296 (quoting Johnson v. Commonwealth, 292 Va. 738, 741 (2016)).

---

[2] The court granted the Commonwealth's motions to dismiss by *nolle prosequi* the charge of carrying a concealed weapon and one charge of possession of ammunition by a convicted felon.

[3] The appellant was also convicted of escape by a prisoner, grand larceny, four counts of credit card theft, entering a motor vehicle to commit a crime, and a third count of possession of a firearm within ten years of conviction of a felony.  Those convictions are not before the Court at this stage of the appeal because the petition for appeal as to the related assignments of error was denied.

- 3 -

"When considering multiple punishments for a single transaction, the controlling factor is legislative intent." Id. at 298 (quoting Kelsoe v. Commonwealth, 226 Va. 197, 199 (1983)). In determining legislative intent, the court first looks to the plain language of the statute. Baker v. Commonwealth, 284 Va. 572, 576 (2012). "If the language is clear and unambiguous, [an appellate court] will assign the statute its plain meaning." Browning-Ferris Indus. of S. Atl. v. Residents Involved in Saving the Env't, Inc., 254 Va. 278, 284 (1997). Additionally, we must "give effect to the legislature's intention as expressed by the language used unless a literal interpretation of the language would result in a manifest absurdity." Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104 (2007). On the other hand, if the statutory language is ambiguous, the court must rely on "the gravamen of the offense to determine the legislature's intent" regarding the permissible unit of prosecution. See Baker, 284 Va. at 576; see also Johnson, 292 Va. at 741-42 (examining legislative intent in order to determine "the unit of prosecution"); Acey v. Commonwealth, 29 Va. App. 240, 250-51 (1999) (analyzing the gravamen of an offense in considering "the unit of prosecution by which the state may assess punishment").

The appellant argues that the constitutional protection against double jeopardy precludes his multiple convictions and sentences under Code § 18.2-308.1:4(A) for transporting a firearm while subject to multiple protective orders. He also contends that his two convictions and punishments under Code § 18.2-308.2 for simultaneous possession of a firearm and ammunition violate double jeopardy.

A. Protective Orders Under Code § 18.2-308.1:4(A)

Code § 18.2-308.1:4(A) provides, in pertinent part, that "[i]t is unlawful for any person who is subject to . . . a protective order . . . to purchase or transport any firearm while the order is in effect." The appellant's transportation of the firearm found strapped to his ankle when he was

- 4 -

captured and arrested while subject to five protective orders was the basis for five separate convictions and corresponding sentences. The question for this Court to resolve is whether the statute penalizes the act of purchasing or transporting a firearm while subject to multiple protective orders as a single offense or as multiple ones subject to separate punishments.

In answering this question, we first look to the statutory language. See Baker, 284 Va. at 576. Only if the plain text is ambiguous do we "us[e] the gravamen of the offense to determine the legislature's intent." Id.

The language in Code § 18.2-308.1:4(A) is ambiguous on this point because it "can be understood in more than one way." See id. (quoting Boynton v. Kilgore, 271 Va. 220, 227 n.8 (2006)); see also Acey, 29 Va. App. at 250 (analyzing the gravamen of the offense of possession of a firearm by a convicted felon in violation of Code § 18.2-308.2). On the one hand, the statute prohibits the purchase or transportation of a firearm by a person subject to "a protective order." The use of the singular "a" suggests that for each protective order in place, the act of purchase or transportation of a firearm constitutes a separate offense. Johnson, 292 Va. at 742 (holding that the statutory phrase "'a' felony" provided that "each felony charge could serve as the predicate of a failure to appear conviction"). On the other hand, the language "any person who is subject to" suggests that the statute describes a class of people who are forbidden from buying or transporting firearms and that the prohibited conduct is the purchase or transportation regardless of the number of protective orders in place. See United States v. Dunford, 148 F.3d 385, 388-89 (4th Cir. 1998) (holding that possession of a firearm or ammunition is a single offense regardless of the number of disqualifying classes to which a defendant belongs).

As a result of this ambiguity, we must look to the gravamen, or essence, of the crime. We conclude that the purpose of Code § 18.2-308.1:4 is to protect the individuals who are the subjects of the protective orders. In some circumstances, a petitioner obtains a protective order

on his or her own behalf. See generally Code §§ 16.1-253.1, -279.1 (allowing issuance of a protective order against an allegedly abusive person in order "to protect the health and safety of the petitioner [or any] family or household member[] of the petitioner"). In others, "[u]pon the motion of any person or upon the court's own motion," a court may enter a protective order to protect a child who has been subjected to parental abuse or neglect. See Code §§ 16.1-253(A), (F), -278.2(C). Each protective order entered to safeguard a unique principal protected person (the principal), whether a petitioner or a child of an allegedly abusive or neglectful parent, "has a separate existence with separate consequences and effects." See Johnson, 292 Va. at 742 (discussing summonses and felony charges).[4] The focus of Code § 18.2-308.1:4 must be upon the principal whom each protective order is in place to protect. Therefore, the gravamen of the offense of the purchase or transportation of a firearm by a person subject to *a protective order* is the occurrence of the act *while the protective order is in effect*.

This purpose and gravamen contrast with those of a statute prohibiting possession of a firearm. The purpose of a firearm possession statute is to protect society generally from the individual who belongs to a described class or group such as previously convicted felons. See Baker, 284 Va. at 578. Consequently, the gravamen of the offense of possession of a firearm by a convicted felon is the possession itself. See Acey, 29 Va. App. at 250. Here, the gravamen of an offense under Code § 18.2-308.1:4 is not possession, but it is the purchase or transportation of a firearm while the protective order is in effect because the purpose of the statute is to protect each principal.

---

[4] Johnson distinguished "possessory offenses like the possession of illegal drugs." Johnson, 292 Va. at 743 n.1. The Court reasoned that the statute at issue in that case, for the offense of failure to appear, resulted from a different legislative intent than statutes criminalizing possession. Id. As noted *infra*, Code § 18.2-308.1:4(A) likewise has a different legislative intent than general possession statutes and consequently the gravamen of the offense is not possession.

In support of his argument that the *possession* is the gravamen of an offense under Code § 18.2-308.1:4, the appellant relies on cases interpreting 18 U.S.C. § 922(g).  See United States v. Borer, 394 F.3d 569, amended by 412 F.3d 987 (8th Cir. 2015); United States v. Baker, 197 F.3d 211 (6th Cir. 1999); Dunford, 148 F.3d 385; United States v. Ocampo, 919 F. Supp. 2d 898 (E.D. Mich. 2013).  The federal subsection prohibits, in pertinent part, "any person" within the listed categories from "possess[ing] . . . any firearm or ammunition."  18 U.S.C. § 922(g).  The categories include people who are subject to protective orders, convicted felons, fugitives from justice, "unlawful user[s] of or addicted to any controlled substance," people who have been committed to a mental institution, aliens unlawfully in the United States, and those who have been convicted of domestic violence.  18 U.S.C. § 922(g)(1)-(5), (8)-(9).  While the United States Congress chose to prohibit these categories of individuals from having access to firearms by grouping them together in a subsection as a single "possession" offense, the Virginia legislature enacted separate statutes to restrict access, possession, and transportation of firearms for certain groups.[5]  This distinction signifies the Virginia General Assembly's conclusion that the different groups of individuals under restrictions are dissimilar and subject to different limitations as well as penalties.  As a result of this contrast between the federal and state law, the federal cases interpreting 18 U.S.C. § 922(g) are inapposite to application of Code § 18.2-308.1:4.

The appellant also relies on the principle that if the statutory language at issue can be read to impart two reasonable and contradictory interpretations, a court should construe the statute in the accused's favor.  See McGinnis v. Commonwealth, 296 Va. 489, 504 (2018).  However, this

_____

[5] Those groups include persons acquitted by reason of insanity, persons adjudicated legally incompetent or mentally incapacitated, persons involuntarily admitted or ordered to outpatient treatment, persons convicted of certain drug offenses, convicted felons, and aliens and persons not admitted for permanent residence.  See Code §§ 18.2-308.1:1, -308.1:2, -308.1:3, -308.1:5, -308.2, -308.2:01.

rule, known as the "'rule of lenity,'" "does not permit a[n appellant] to benefit from an unreasonably restrictive interpretation of the statute." Id. (quoting Blake v. Commonwealth, 288 Va. 375, 386 (2014)). In other words, the general principle cannot apply to subvert the legislature's intent when such intent is ascertainable from the statute based on its language, purpose, or gravamen. See Turner v. Commonwealth, 295 Va. 104, 109, cert. denied, 139 S. Ct. 123 (2018); Spratley v. Commonwealth, 69 Va. App. 314, 320 (2018). Accordingly, the legislature's intent to provide for multiple units of prosecution under Code § 18.2-308.1:4 based on multiple protective orders in place to safeguard different principals outweighs application of the rule of lenity.

Turning to the facts of this case, while the appellant was subject to five different protective orders protecting five different principals, he transported a firearm. This action constituted five different violations of Code § 18.2-308.1:4(A). This conclusion comports with the purpose of the statute to further safeguard the principal whom each of the orders was entered to protect. It is also consistent with the gravamen of the offense, the purchase or transportation of a firearm by a person subject to *a protective order while the protective order is in effect*.

For these reasons, the appellant's single act of transporting a firearm logically resulted in separate and distinct charges based on the five protective orders entered to protect five different principals. The five convictions and sentences did not violate the appellant's constitutional protection against double jeopardy. Consequently, we affirm the convictions and sentences for transportation of a firearm by a person subject to a protective order.

### B. Firearms and Ammunition Under Code § 18.2-308.2

Code § 18.2-308.2, in pertinent part, prohibits "any person who has been convicted of a felony" from "knowingly and intentionally possess[ing] or transport[ing] any firearm or ammunition for a firearm." Code § 18.2-308.2(A). The question raised by the appellant is

whether the statute penalizes the simultaneous possession of firearms and of separate ammunition that he stored in his shed as one offense or two.

The first step in this analysis is to examine the statutory text. Baker, 284 Va. at 576. The language in Code § 18.2-308.2 is ambiguous on this point because it "can be understood in more than one way." See id. (quoting Boynton, 271 Va. at 227 n.8); see also Acey, 29 Va. App. at 250 (analyzing the gravamen of the offense). Certainly, prohibition from possession of "any firearm or ammunition for a firearm" can reasonably be read to allow two units of prosecution for a defendant who possesses a firearm and ammunition at the same time and place. On the other hand, the statute does not expressly provide that simultaneous possession of a firearm and ammunition can constitute separate charges. See United States v. Clark, 184 F.3d 858, 871 (D.C. Cir. 1999) (holding that 18 U.S.C. § 922(g)(1), which prohibits a convicted felon from possessing "any firearm or ammunition," is ambiguous on this point); cf. 720 Ill. Comp. Stat. 5/24-1.1(e) ("The possession of each firearm or firearm ammunition in violation of this Section constitutes a single and separate violation.").

In two significant cases, the Supreme Court of Virginia and this Court analyzed Code § 18.2-308.2 and the gravamen of the offense. See Baker, 284 Va. at 576-77; Acey, 29 Va. App. at 250. In Acey, 29 Va. App. at 250, this Court examined the statute in the context of the number of firearms possessed at one time. It held that since "the possession of a firearm by a felon is, of itself, the dangerous act, the number of weapons with which a felon is armed [is] irrelevant." Id. Consequently, the Court held that a single act of possession of multiple guns is one offense under Code § 18.2-308.2. Id. at 251.

In Baker, 284 Va. at 576-77, the Supreme Court considered the same statute in the context of the duration of the offense of possession of a firearm by a convicted felon. Citing Acey with approval, the Court held that the gravamen of the offense was each independent

"instance of possession." Id. at 576-78. It reasoned that in enacting Code § 18.2-308.2, the legislature "recognized that each act of possessing the firearm places the public in a heightened level of danger" and concluded that "*separate instances of possession,* and therefore of heightened danger to the community, [may] be punished separately." Id. at 577 (emphasis added).

Acey and Baker establish that the offense of possession of a firearm or ammunition by a convicted felon punishes "each separate incident of possession," Baker, 284 Va. at 577, and not the number of items possessed together, Acey, 29 Va. App. at 250. See also Clay v. Commonwealth, 36 Va. App. 433, 436 (2001) (holding that separate possession offenses exist when "multiple firearms were separately possessed at different times"). Under the current law, this Court has already made clear that the hypothetical defendant who possesses one hundred guns at one time could be penalized only once under the statute.[6] Acey, 29 Va. App. at 250 ("Whether the felon bears one or one hundred firearms, the felon is 'dangerously armed.'"). Based on the facts of the instant case, if both the possession convictions and sentences were to stand, it would mean that a defendant who simultaneously possesses one firearm and ammunition to a different weapon could be punished for two offenses. This reasoning does not comport with the analysis in Acey nor does it follow the legislature's intent. The appellant is not inherently more dangerous to the public than the hypothetical defendant with numerous weapons. Appellate courts should not interpret a statute in such a way that "forces" it "into an 'internally inconsistent' conflict." See Tvardek v. Powhatan Vill. Homeowners Ass'n, Inc., 291 Va. 269, 280 (2016) (quoting Butler v. Fairfax Cty. Sch. Bd., 291 Va. 32, 37 (2015)). Consequently, we

---

[6] By not amending Code § 18.2-308.2 to clearly impose multiple penalties for simultaneous possession of multiple weapons, the General Assembly has demonstrated its "approval" of the interpretation set forth in Acey, 29 Va. App. at 250-51. See Cygnus Newport-Phase 1B, LLC v. City of Portsmouth, 292 Va. 573, 582 (2016) (quoting Manchester Oaks Homeowners Ass'n v. Batt, 284 Va. 409, 428 (2012)).

conclude that the holding in <u>Acey</u> regarding simultaneous possession of multiple firearms extends to simultaneous possession of a firearm and ammunition. Code § 18.2-308.2 does not separately penalize the appellant's possession of firearms and ammunition at the same time in the shed.[7]

The Commonwealth stresses that the appellant's 30-30 caliber ammunition could not be used in either of his firearms that he kept with it in the shed and that as a result the use of that ammunition would necessarily occur at a different time and place from the guns with which it was stored. However, Code § 18.2-308.2 addresses only possession of the prohibited items to sustain a conviction, not their actual use. The fact that some of the ammunition in the appellant's possession did not pair with the firearms found with it does not justify separate convictions for simultaneous possession under the statute in question.

We hold that the appellant should have been subject to only one punishment under Code § 18.2-308.2 for the firearms and ammunition which he stored in the shed. <u>See generally</u> <u>Dunford</u>, 148 F.3d at 389-99 (holding that ammunition stored with firearms supported only one conviction of illegal possession of "any firearm or ammunition"). Consequently, we reverse and remand in part to the trial court.

---

[7] This holding is consistent with the general agreement across jurisdictions that a legislative proscription against possession by a convicted felon of "any firearm or ammunition" does not impose multiple punishments for simultaneous possession of a firearm and ammunition. <u>See, e.g.</u>, <u>United States v. Meza</u>, 701 F.3d 411, 431 (5th Cir. 2012); <u>United States v. Jones</u>, 601 F.3d 1247, 1259 (11th Cir. 2010); <u>United States v. Richardson</u>, 439 F.3d 421, 422 (8th Cir. 2006) (<i>en banc</i>) (<i>per curiam</i>); <u>Clark</u>, 184 F.3d at 872; <u>Dunford</u>, 148 F.3d at 390; <u>United States v. Keen</u>, 104 F.3d 1111, 1119-20 (9th Cir. 1996); <u>State v. Auwae</u>, 968 P.2d 1070, 1081 (Haw. Ct. App. 1998), <u>overruled in part on other grounds</u>, <u>State v. Jenkins</u>, 997 P.2d 13, 38 (Haw. 2000). <u>Compare</u> <u>Brown v. State</u>, 219 So.3d 866, 867 (Fla. Dist. Ct. App. 2017) (<i>per curiam</i>), <u>with</u> <u>Commonwealth v. Gaskins</u>, 727 N.E.2d 1215, 1216 (Mass. App. Ct. 2000).

### III. CONCLUSION

For the foregoing reasons, we hold that the convictions and sentences for transportation of a firearm, in violation of five different protective orders, did not violate double jeopardy, and we affirm that portion of the trial court's judgment. However, we hold that the trial court erred in imposing two sentences under Code § 18.2-308.2 for simultaneous possession of a firearm and ammunition. Accordingly, we remand this case to the trial court to allow the Commonwealth to elect one conviction and sentence for the appellant's violation of Code § 18.2-308.2. See Andrews v. Commonwealth, 280 Va. 231, 288 (2010) ("In a typical case where a defendant has been subject to impermissible multiple punishments, "the only remedy consistent with [the legislature's] intent is for the [trial court], where the sentencing responsibility resides, . . . to vacate one of the underlying convictions." (first and second alterations in original) (quoting Ball v. United States, 470 U.S. 856, 864 (1985))); cf. Gregg, 295 Va. at 301 (holding that the Commonwealth must elect between two sentences then, following election, requiring the trial court to vacate the other sentence). Thereafter, the court shall vacate the other conviction and sentence under that statute. See Gregg, 295 Va. at 301.

Affirmed in part, and reversed and remanded in part.

Bumgardner, R.J., concurring, in part, and dissenting, in part.

I would reverse on both issues. I disagree with the result caused by affirming five convictions for transporting a firearm while subject to five protective orders.

Code § 18.2-308.1:4 (transportation of a firearm by persons subject to protective orders) and Code § 18.2-308.2 (possession of firearms by convicted felons) have the same purpose. They proscribe access to firearms by persons whose adjudicated conduct indicates they could be dangerous if armed. The majority interprets Code § 18.2-308.1:4 to permit a separate conviction for each separate protective order in effect during a single act of buying or transporting a firearm. However, Code § 18.2-308.2 would support only one conviction for possession or transporting a firearm by a felon regardless of the number of felony convictions incurred.

Nothing in the evolution and expansion of this portion of Chapter 7, Title 18.2 suggests the legislature intended to create such an inconsistent result: separate protective orders create separate offenses for a single act of buying or transporting; separate felony convictions do not create separate offenses for a single act of possessing or transporting.

The gravamen of both offenses is the same: access to firearms by dangerous persons. The number of crimes committed by acts of possession or transportation should not depend on whether the forbidden status is defined by a protective order or a felony conviction.