# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 19th day of November, 2020.*

Present:  Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and Russell, S.J.

Commonwealth of Virginia,                                                       Appellant,

against          Record No.  191233
                 Court of Appeals No. 0485-18-2

Howard Allen Groffel,                                                            Appellee.

Howard Allen Groffel,                                                           Appellant,

against          Record No.  191360
                 Court of Appeals No. 0485-18-2

Commonwealth of Virginia,                                                        Appellee.

                                                    Upon appeals from a judgment
                                                    rendered by the Court of Appeals of
                                                    Virginia

Upon consideration of the record, briefs, and argument of counsel, the Court is of the opinion that there is no error in the judgment of the Court of Appeals.

Howard Allen Groffel ("Groffel") was convicted in a bench trial in the Circuit Court of New Kent County ("trial court") of five counts of transporting a firearm while subject to a protective order (Code § 18.2-308.1:4), and two counts of possession of a firearm or ammunition by a felon (Code § 18.2-308.2).

Groffel appealed four of his convictions for transporting a firearm while subject to a protective order (Code § 18.2-308.1:4), and his conviction for possessing ammunition after conviction of a felony (Code § 18.2-308.2) to the Court of Appeals.  He asserted that these convictions violated the constitutional prohibition against double jeopardy.  In a published

opinion, the Court of Appeals affirmed the four convictions for transporting a firearm while subject to a protective order and reversed the conviction for possessing ammunition after conviction of a felony. *Groffel v. Commonwealth*, 70 Va. App. 681, 695 (2019).

The Commonwealth appealed to this Court, assigning error to the Court of Appeals' holding as follows:

> In this case of first impression, the Court of Appeals erred in ruling that convictions for possession of a firearm by a felon and possession by a felon of ammunition incompatible with the firearms with which it was possessed violated the double jeopardy protection against multiple punishments for the same offense.

Furthermore, Groffel also appealed to this Court, assigning error to the judgment of the Court of Appeals as follows:

> The Court of Appeals erred when it failed to overturn four of Groffel's five convictions for violating 18.2-308.1:4 for one act while subject to five protective orders. Such convictions violated Groffel's Fifth Amendment right to avoid multiple punishments for the same offense.

For the reasons stated in the opinion of the Court of Appeals, the judgment of the Court of Appeals is affirmed.

JUSTICE POWELL with whom JUSTICE GOODWYN and JUSTICE MIMS join concurring in part and dissenting in part.

I agree with the majority's affirmance of the Court of Appeals' reversal of Groffel's conviction for possessing ammunition after conviction of a felony. However, for the reasons stated in Retired Judge Bumgardner's dissent in the Court of Appeals, I respectfully disagree with the majority's affirmance of the Court of Appeals' affirmance of Groffel's five separate convictions for transporting a firearm while subject to a protective order. I would reverse four of Groffel's five separate convictions for one act of transporting a firearm while subject to five protective orders, on the basis that the possession of a firearm is a single offense regardless of the

2

number of disqualifying classes to which Groffel belongs. *See United States v. Dunford*, 148 F.3d 385, 388-89 (4th Cir. 1998).

This order shall be published in the Virginia Reports and shall be certified to the Court of Appeals of Virginia and to the Circuit Court of New Kent County.

A Copy,

Teste:

Douglas B. Robelen, Clerk