COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Humphreys and AtLee
Argued by videoconference


RONNIE LEE JOHNSON

                                                                    OPINION BY
v.        Record No. 0443-20-2                      JUDGE RICHARD Y. ATLEE, JR.
                                                                    JULY 27, 2021
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MIDDLESEX COUNTY
Jeffrey W. Shaw, Judge

Marvin D. Miller (The Law Offices of Marvin D. Miller, on
briefs), for appellant.

Liam A. Curry, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Following a bench trial, the circuit court found appellant Ronnie Lee Johnson guilty of

unlawful filming under Code § 18.2-386.1. He received a sentence of twelve months in jail, with

six months suspended. On appeal, Johnson argues that, because the victim, D.B., was knowingly

and consensually[1] nude and engaging in sexual activity in her bedroom at the time of recording,

that she had no "reasonable expectation of privacy" as required Code § 18.2-386.1.[2] For the

following reasons, we affirm.

---

[1] We recognize that D.B. testified that the recording at issue depicted nonconsensual sex. For the purposes of this appeal, however, the issue is not her consent to the activity itself, but to Johnson recording it. Thus, we limit ourselves to that issue.

[2] Johnson presents five separate assignments of error, but they all are variants or restatements of this argument.

# I. BACKGROUND

"On appeal of criminal convictions, we view the facts in the light most favorable to the Commonwealth, and [we] draw all reasonable inferences from those facts." Payne v. Commonwealth, 65 Va. App. 194, 198 (2015).

Johnson and the victim, D.B., dated beginning in 2017 until the relationship ended in April 2019. They executed a domestic tenant agreement sometime in 2018, after Johnson had been staying with D.B. During the relationship, Johnson made many recordings while he and D.B. were engaged in sexual activity in D.B.'s bedroom. These videos focused on D.B., her naked or partially-undressed body, and her genitalia. At no point did she appear aware that Johnson was recording. D.B. testified that she learned of these recordings after the relationship ended, initially when Johnson wrote an email to D.B., attaching a video showing her naked as he digitally penetrated her anus. D.B. went to the police with the recording.

D.B. testified at trial that she never consented to any recordings being made of her. She also stated that Johnson "drugged [her] to get that video" that he attached to the email.

The Commonwealth also submitted two other recordings aside from the ones depicting Johnson's and D.B.'s sexual activity. The first was of a Skype conversation between Johnson and D.B. She repeatedly expressed her concern that Johnson was recording the conversation. Johnson lied, insisting that he was not, even though it was his recording that was submitted at trial. Johnson, who was masturbating at points during the call despite D.B.'s obvious discomfort, repeatedly asked D.B. to show him her breasts, bra, and cleavage. She repeatedly refused, although she reluctantly consented to show her stomach at points. Finally, D.B. relented and showed Johnson the bottom portion of her bra. When Johnson asked to see more, she ended the call.

The second recording was one Johnson made of an argument between him and D.B. At one point, Johnson mentioned that he and D.B. had sex the previous night, which D.B. denied, stating that he was "in Vero Beach[, FL]." He offered to show her videos. She stated that no video exists, and if it did, she "[didn't] know anything about it." Johnson told her he had been recording their sexual activity for over a year. He spoke of a previous relationship which taught him to record everything. He also threatened to have D.B. involuntarily committed for alcohol abuse treatment.

At trial, Johnson presented a document that purported to be a contract between D.B. and Johnson in which D.B. gave written consent to being recorded while engaged in sexual activity. D.B. testified that while the signature on the document resembled her own, she had never seen it before.[3]

At the close of trial, the circuit court found Johnson guilty of one count of unlawful creation of images and sentenced him to serve twelve months in jail, with six months suspended. The execution of his sentence has been suspended during the pendency of this appeal.

This appeal followed.

## II. ANALYSIS

Johnson argues that, because D.B had no "reasonable expectation of privacy" under Code § 18.2-386.1 when he recorded her, the evidence is insufficient to support his conviction.

"In determining whether the evidence was sufficient to support a criminal conviction, the appellate court views the facts in the light most favorable to the Commonwealth." Haba v.

---

[3] This document was not included in the joint appendix; however, it was part of the trial record. "[W]hile the appendix should generally contain everything relevant to the questions presented, '[t]he Court of Appeals may . . . consider other parts of the record.' Reid v. Commonwealth, 57 Va. App. 42, 49 (2010) (second and third alterations in original) (quoting Rule 5A:25(h)).

Commonwealth, 73 Va. App. 277, 283 (2021).  "This deferential standard 'requires us to "discard the evidence of the accused in conflict with that of the Commonwealth[ ] and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn"' from that evidence."  Id. (alteration in original) (citation omitted) (quoting Vasquez v. Commonwealth, 291 Va. 232, 236 (2016)).  In our review, this Court must defer to the factual findings made in the lower court unless they are plainly wrong or lack evidence to support them.  See Turner v. Commonwealth, 65 Va. App. 312, 330 (2015).  When judging credibility, a fact-finder is "entitled to disbelieve the self-serving testimony of the accused."  Marsh v. Commonwealth, 57 Va. App. 645, 655 (2011) (quoting Marable v. Commonwealth, 27 Va. App. 505, 509-10 (1998)).

When our review of the sufficiency of the evidence requires statutory interpretation, we review the language and meaning of that statute *de novo*.  See Sarafin v. Commonwealth, 288 Va. 320, 325 (2014).  "When interpreting a statute, an appellate court 'presume[s] that the General Assembly chose, with care, the words that appear in [that] statute.'"  Haba, 73 Va. App. at 284 (quoting Jones v. Commonwealth, 296 Va. 412, 415 (2018)).  "When the language of a statute is plain and unambiguous, we are bound by the plain meaning of that statutory language."  Jones, 296 Va. at 415 (quoting Alston v. Commonwealth, 274 Va. 759, 769 (2007)).

Johnson was convicted of unlawful filming under Code § 18.2-386.1(A), which provides, in part:

> A. It shall be unlawful for any person to knowingly and intentionally create any videographic or still image by any means whatsoever of any nonconsenting person if (i) that person is totally nude, clad in undergarments, or in a state of undress so as to expose the genitals, pubic area, buttocks or female breast in a restroom, dressing room, locker room, hotel room, motel room, tanning bed, tanning booth, bedroom or other location; or (ii) the videographic or still image is created by placing the lens or image-gathering component of the recording device in a position

- 4 -

directly beneath or between a person's legs for the purpose of capturing an image of the person's intimate parts or undergarments covering those intimate parts when the intimate parts or undergarments would not otherwise be visible to the general public; and when the circumstances set forth in clause (i) or (ii) are otherwise such that the person being recorded would have a reasonable expectation of privacy.

The portion at issue here is subsection (i), concerning recording when "that person is totally nude, clad in undergarments, or in a state of undress so as to expose the genitals, pubic area, buttocks or female breast in a . . . bedroom . . . ," where "the circumstances . . . are otherwise such that the person being recorded would have a *reasonable expectation of privacy*." Id. (emphasis added). It is undisputed that D.B. was either "nude" or in a "state of undress" while in her bedroom when Johnson made the recordings, as required under subsection (A)(i). Johnson's argument concerns what the "reasonable expectation of privacy" means in the context of this statute.

Johnson contends that D.B., by being knowingly nude and participating in sexual activity while she was in view of Johnson, had no "reasonable expectation of privacy" under the statute. He argues that "[c]onsent to allow another to see something removes any reasonable expectation of privacy because people are allowed to see that which one consents for them to see." Under Johnson's interpretation of Code § 18.2-386.1(A), any person may secretly record another individual engaged in consensual sexual activity without their consenting to being recorded, so long as the person making the recording is present with the victim's knowledge. In short, consenting to being undressed in front of, or sexual activity with, the other person provides consent to being recorded. We reject this argument.

In the context of a statute criminalizing unlawful recording of another, such "reasonable expectation of privacy" concerns one's privacy from being *recorded*, not from being *seen*. Haba,

- 5 -

73 Va. App. at 292.[4] There is a stark distinction between an image existing only in someone's memory, as opposed to it being a permanent file that may be shared or re-viewed indefinitely beyond the moment when one's consent to the activity was provided. Recognizing that, the General Assembly made the unlawful *creation of images* the gravamen of the offense under Code § 18.2-386.1(A). Haba, 73 Va. App. at 292 ("[T]he conviction is . . . for unlawfully *creating a videographic image*" of the victim.). This is evident from the plain language of the statute, which criminalizes "knowingly and intentionally creat[ing] any videographic or still image." Code § 18.2-386.1(A); cf. Groffel v. Commonwealth, 70 Va. App. 681, 689 (2019) (noting that the gravamen of an offense is its essence, which the Court must look to when interpreting ambiguous statutes), aff'd, 299 Va. 271 (2020).

Furthermore, Code § 18.2-386.1(A) imposes no requirement that the perpetrator be unlawfully present or be concealing themselves from the victim. Haba, 73 Va. App. at 289 (finding that "the known presence of another person does not automatically negate a reasonable expectation of privacy" under the statute). To so find would not only read language into the statute that it does not contain, but, further, it would render the protections in the locations listed in Code § 18.2-386.1(A), where people would often expect to be visible to others while in some state of undress (such as locker rooms) meaningless, as any person who knew or should have

---

[4] In Haba, the appellant argued that "the statutory requirement that the victim have a reasonable expectation of privacy denotes an expectation of privacy from viewing, not from recording." Haba, 73 Va. App. at 292. This Court concluded that "[a]lthough the conviction is not for unlawfully *seeing* the victim but instead for unlawfully *creating a videographic image of her*, the facts in this case do not require the Court to make this distinction" because the victim made clear attempts to cover her body from Haba's view. Id. The facts of this case, however, *do* require us to make that distinction, as the victim here did not attempt to cover herself or make known her objection to being recorded at the time of the recording, as she was unaware that Johnson was recording her.

known they were visible to others would have no privacy interest and thus protection against being recorded, either openly or surreptitiously. Id. at 289-90.

If the legislature had intended to carve out an exception for romantic partners or others present with the victim's knowledge, it could, and we must presume would, have done so. See Tanner v. Commonwealth, 72 Va. App. 86, 101 (2020) ("[W]e adhere to rules of statutory construction that discourage any interpretation of a statute that would render any part of it useless, redundant or absurd. Instead, we seek to read statutory language so as to give effect to every word." (quoting Spratley v. Commonwealth, 298 Va. 187, 195-96 (2019))). "The *absence* of language in Code § 18.2-386.1 limiting the prohibited conduct to people not in a relationship or surreptitious recordings signifies that the legislature did not intend to provide such limits." Haba, 73 Va. App. at 291.

In Haba, a recent case in which this Court addressed the "reasonable expectation of privacy" under Code § 18.2-386.1(A), the victim and Haba were in a relationship. Haba recorded her while she held a blanket in front of herself in an attempt to cover her nude body and repeatedly pleaded with Haba to put the phone down and stop recording. Like Johnson, Haba argued "that the Commonwealth did not prove that the victim had a reasonable expectation of privacy when he videoed her." Id. at 283. This Court disagreed and affirmed Haba's conviction.

Unlike in Haba, the victim here did not expressly protest the recordings while the defendant filmed. But in this case, there is no evidence that D.B. was aware that Johnson was recording. D.B.'s inability to expressly protest the recordings (due to her lack of awareness that she was being recorded) does not mean she acquiesced to being recorded, nor does it amount to her providing consent or waiving any privacy interest. Like the appellant in Haba, Johnson concedes that D.B. did not consent to the recordings, but he argues that she waived any privacy interest under Code § 18.2-386.1(A) through her actions by being knowingly nude in front of

Johnson. These are distinct, but related, issues, as evidence of consent, or lack thereof, can also speak to whether someone has asserted a privacy interest, or if she would have if given the opportunity to do so. Cf. Sanders v. Commonwealth, 64 Va. App. 734, 752 (2015) (noting that, under the Fourth Amendment, a court considers whether an individual "demonstrated a subjective expectation of privacy" and "took normal precautions to maintain his privacy" when considering if they possessed an "objectively reasonable expectation of privacy"). Thus, we consider whether the evidence supports the circuit court's finding that D.B. did not wish to be recorded.

There is ample evidence in the record to support the conclusion that the victim was truthful when she said she was unaware of, and thus non-consenting to, the recordings. First, in each video of sexual activity on the record, D.B. appears oblivious to the fact that she is being recorded. Furthermore, on the Skype call wherein Johnson repeatedly asked D.B. to show him her bra or breasts, she expressed hesitation in part because she believed he was recording her (which he in fact was, despite his attempts to convince her he was not), indicating a reluctance to be recorded while in a state of undress. Finally, during the argument with Johnson that he secretly recorded, D.B. said she did not believe him when he said he had videos of them having sex and she questioned whether any such recordings existed. The fact-finder was entitled to disbelieve the authenticity and validity of the "contract" that Johnson offered into evidence as proof that D.B. had provided written consent to film her. See Davis v. Commonwealth, 57 Va. App. 446, 463 (2011) ("The trier of fact is not required to accept a party's evidence in its entirety, but is free to believe and disbelieve in part or in whole the testimony of any witness." (citations omitted)). It in fact did so, noting that anyone else with such a document would have brought it up numerous times before trial. As such, the fact-finder did not err in concluding that

D.B. possessed a reasonable expectation of privacy under Code § 18.2-386.1(A) at the times Johnson recorded her.

Johnson's point that he did not share the recordings with third parties is to no avail. As he recognizes, it is "not necessarily required by the statute," but he believes "it is worth noting that in this case the 14-second video was never seen by anyone other than [a]ppellant and his then-girlfriend[, D.B.]." The statute contains no mention of or requirement that the unlawful recording be disseminated (that conduct is addressed in Code § 18.2-386.2). To read that into the statute would overstep this Court's judicial role. Cf. Bay v. Commonwealth, 60 Va. App. 520, 533 (2012) ("Basic principles of statutory construction hold that 'when a statute is plain and unambiguous, a court may look only to the words of the statute to determine its meaning.'" (quoting Caprio v. Commonwealth, 254 Va. 507, 511-12 (1997))). This same principle prohibits this Court from accepting Johnson's argument that the legislature solely intended to criminalize voyeurism, or images taken of victims when they believed they could not be seen. Although the statute, particularly subsection (A)(ii), certainly encompasses voyeuristic behavior, its plain language makes it clear that it is not its sole purpose. See Tanner, 72 Va. App. at 101 ("[W]e adhere to rules of statutory construction that discourage any interpretation of a statute that would render any part of it useless, redundant or absurd. Instead, we seek to read statutory language so as to give effect to every word." (quoting Spratley, 298 Va. at 195-96)).

Finally, Johnson invokes the rule of lenity, requiring that any ambiguity or reasonable doubt in a penal statute must be resolved in favor of the accused. Yet his premise is flawed, as it presumes there is any ambiguity in the language, or reasonable doubt as to the meaning, of Code § 18.2-386.1(A). See Williams v. Commonwealth, 61 Va. App. 1, 7 (2012) ("[O]nly when a 'penal statute is unclear' do courts apply the rule of lenity and strictly construe the statute in the criminal defendant's favor." (quoting De'Armond v. Commonwealth, 51 Va. App. 26, 34

(2007))). Here, the statute is quite clear in that it prohibits precisely what Johnson did in this case.

Finding no merit to Johnson's arguments, we conclude that the circuit court did not err in finding that D.B. had a reasonable expectation of privacy with respect to being recorded when nude or partially-undressed in her own bedroom and that Johnson was guilty of unlawful recording.

### III. CONCLUSION

Code § 18.2-386.1(A)(i) prohibits recording another person, naked, without her consent, when in her bedroom, where she had a reasonable expectation of privacy. The evidence supports the circuit court's finding that D.B. had a reasonable expectation of privacy that she would not be videorecorded, regardless of her consent to Johnson's presence, or her inability to expressly object at the time he made the recordings. Consequently, we affirm Johnson's conviction.

<u>Affirmed.</u>